IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SYLVESTER F. PLEASANT,

    Petitioner,

v.                                              Civil Action No. 3:25cv127

UNKNOWN,

    Respondent.

### MEMORANDUM OPINION

Sylvester F. Pleasant, a Virginia inmate, brings this letter challenging his convictions for first-degree murder, attempted first-degree murder, attempted second-degree murder, malicious wounding, and four counts of use of a firearm in the commission of a felony. (ECF No. 1.) The Court previously denied a 28 U.S.C. § 2254 petition by Pleasant challenging these convictions. *See Pleasant v. Call*, No. 3:19CV684, 2020 WL 2112361, at *1 (E.D. Va. May 4, 2020). Pleasant's letter must be construed as a successive and unauthorized 28 U.S.C. § 2254 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Pleasant cannot avoid that result by simply omitting reference to 28 U.S.C. § 2254 in his submission. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasizing that inmates may not circumvent the limitations on successive petitions simply by inventive labeling); *United States v.*

*Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (*citing Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

Pleasant's current letter arguing various infirmities in his convictions falls squarely within the ambit of 28 U.S.C. 2254(a). *See Smith v. Virginia*, Nos. 3:12CV148, 3:15CV182, 2015 WL 1401677, at *1 (E.D. Va. Mar. 25, 2015) (explaining that a motion is "a successive 'habeas corpus application' if it 'seeks vindication' of a 'claim' for relief from the criminal judgment, regardless of the title on the motion" (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005))). The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the present § 2254 petition. Therefore, the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction. A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 03/19/2025
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge